STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, SS.                           CIVIL ACTION
                                        DOCKET NO.  AP-00-66
                                        DAM- KEN -7/12/2001


FORD MOTOR COMPANY
            Petitioner

V.                                      **ORDER ON APPEAL**

DAN A. GWADOSKY
            Respondent


      This matter is before the Court on Petition for Review of
Administrative Action brought by Petitioner to review a final
decision by the Secretary of State that Ford violated 10 M.R.S.A.
§1176.

      Pursuant to the provisions of 10 M.R.S.A. §1171B(3) the
Secretary of State, through his hearing examiner, conducted an
administrative hearing at the request of Darling's Ford/VW/Audi
dealership, Bangor, Maine.  The complaint of Darling's was that
Ford Motor Company failed to timely reimburse it, as Ford's
franchisee, for warranty repairs in accordance with the time
period established in §1176.  The hearing examiner's recommended
decision found as fact that supplemental warranty claims were made
by Darling in May of 1999.  The claims were not paid within the
statutory period.  Ford claimed that it had not received the
claims in a timely fashion in order to make payment under the law
within the required time but the hearing examiner found that
Darling's had submitted sufficient proof to establish receipt by
Ford of the claims.  The hearing examiner therefore found Ford in
violation of the statute with respect to those supplemental
claims. The findings and conclusions with respect to those claims
are not the subject of this petition.

      What is the subject of this request for review is a finding
by the hearing examiner that on June 28, 1999, supplemental claims
#062899-1 and #62899-2 were submitted to Ford by Darling's.  The
claims were approved on July 28, 1999, and on August 18, 1999, a

credit memorandum was issued to Darling's covering the full claim amount. Subsequently, upon reconciliation of accounts, Ford issued Darling's a check on September 8, 1999, which check included payments on these claims. The hearing examiner found that the check payment was delinquent by eleven days.

Most specifically, the hearing examiner concluded that a credit memorandum does not satisfy §1176 based upon her interpretation of "must be paid within thirty days of their receipt." Her reasoning was that the credit cannot constitute actual payment as the money is not available to Darling's until the issued check is received.

Therefore, on the basis of the two May violations which are undisputed, and the two June violations which are subjects of this petition, the hearing examiner recommended the levy of a minimum civil penalty under the law. By his ruling dated August 28, 2000, the Secretary of State concurred with the hearing examiner's recommendation and levied the $1,000 civil penalty against Ford.

Ford argues that the July supplemental warranty claim should not, as a matter of law, be considered a violation of the payment requirement. It explains the use by the manufacturer with the dealer of a "Parts Statement" which is a running account balance between Ford and its dealers. This statement reflects various debits and credits that arise during the course of the parties' dealing and that reconciliation occurs upon the issuance of the statement determining the remaining debt/credit relationship between the parties causing the issuance of a check upon that balance. Prior to the publication of the Parts Statement, Ford issues credit memos with respect to individual transactions. Ford argues that the statute does not define the term "payment" and that therefore the legislature is assumed to use the term giving its commonly understood legal meaning and substantiates the argument that a statute should not be interpreted otherwise absent clear legislative intent. Therefore, Ford argues that Black's Law Dictionary provides appropriate common law clear language that

2

payment means the performance of an obligation which discharges a debt or liability. Such performance need be something of value, but not necessarily money.

The Secretary of State argues that Ford's petition has become moot inasmuch as Ford does not dispute the May 1999 violations, the Secretary of State has imposed the minimum penalty, and multiple violations within a sixty day period may constitute a single violation by the Secretary of State. Therefore, for statutory purposes, there is no justiciable issue before this Court.

To that argument, Ford argues the exceptions to the general rule that Courts not address moot issues citing Campaign for Sensible Transportation v. Maine Turnpike Authority 658 A2.d 213, 215, (Me. 1995). It argues that this case follows within the exception in Sordyl v. Sordyl 1997 ME 87, 692 A.2d 1386, 1387, that where there are sufficient collateral consequences, the question is of great public interest and the issue may be repeatedly presented to the trial Court, the Court may consider the issue.

"When mootness is an issue, we examine the record to determine 'whether there remains sufficient practical effects flowing from the resolution of [the] litigation to justify the application of limited judicial resources.'" Lewiston Daily Sun v. School Administrative District No. 43, 1999 ME 143, 738 A.2d, 1239, 1242. Issues will be dismissed as moot if they have "lost their controversial vitality." Sordyl v. Sordyl 1997 ME 87, 692 A.2d 1386, 1387. The dispute loses its controversial vitality "when a decision by this Court would not provide an appellant any real or effective relief."

Ford argues that a collateral consequence of not reaching the underlying issue in this case in its favor is that it may be subjected to a larger civil fine in the future. Specifically, it cites §1171-B (3)(C). That section states that "[i]n determining the amount of a civil penalty... the Secretary of State shall

3

consider..[a]ny previous violations."

At first blush, the Secretary of State's argument is quite persuasive and in the absence of some indication that Ford is likely to violate this provision in the future for the same reason, the mootness argument would seem to prevail. However, there are a number of exhibits in this case to include multiple State of Maine District Court small claims judgments and decisions by the United States District Court for the District of Maine that reflect a history suggesting to this Court that the complainant in this proceeding has carried on lengthy and numerous proceedings utilizing the resources of the State of Maine and the United States judicial system to litigate the details of Chapter 204 of Title 10 M.R.S.A, "Regulation of Business Practices Between Motor Vehicle Manufacturers, Distributors and Dealers." In addition, this Court is satisfied that the finding by the hearing examiner with respect to the proper interpretation of the term "payment" in 10 M.R.S.A. §1176 could have a substantial effect on the business practices covering multiple individual transactions during the course of an accounting period between dealer and manufacturer.

The conclusion by the hearing examiner that a credit, in the context of this business relationship does not constitute actual payment on the grounds that the money is not available to Darling's until the check is issued is simply error. During the course of the accounting period within which the parties are incurring debt with regard to each other, they are also incurring credits. To the extent credits are issued by the manufacturer to the dealer, the dealer is able to purchase parts and other services of the manufacturer fully paid. Therefore, the dealer is making payments on obligations it is incurring to the manufacturer. To suggest that this can only be satisfied by the issuance of a check would place business relationships back to the "horse and buggy" days. That is not only contrary to practice but is contrary to the commercial law.

The Uniform Commercial Code, Sales, Title 11 M.R.S.A. §2-511

4

(2) provides

"tender of payment is sufficient when made by any means or any manner current in the ordinary course of business, unless the seller demands payment in legal tender, and gives any extension of time reasonably necessary to procure it."

See also Uniform Commercial Code, Negotiable Instruments, Title 11 M.R.S.A. §3-1602-1604. Ultimately, the matter comes down to the contractual relationship between the parties and the use of the term in the statute is dependent upon that relationship. In the absence of a contractual relationship or a customary method of business between the parties, it may be assumed that payment would require transfer of legal tender sufficient to allow the creditor the use of currency. However, such is not the case before us and the Secretary of State's conclusion is in error as a matter of law.

This Court does not presuppose the discretionary conclusions by the Secretary of State with his acceptance and adoption of the hearing examiner's report. While it may seem to result in unnecessary procedure, it would appear to this Court to be "small potatoes" given the displayed history between the parties on these issues.

The entry will be:

For reasons stated herein, this matter is remanded to the Secretary of State to modify its decision as to conclusions of law found by this Court to be in error and to take such other actions, if any, as deemed necessary by the Secretary of State consistent with this decision.

DATED: _July 12 2001_

_____
Donald H. Marden
Justice, Superior Court

5

Date Filed __10/2/00__ ___Kennebec___ Docket No. __AP00-66__
County

Action __Petition for Review__
80C

# J. MARDEN

___Ford Motor Company___ vs. ___Dan A. Gwadosky Sec. of State___

Plaintiff's Attorney

James T. Kilbreth, Esq.
Daniel L. Rosenthal, Esq.
One Portland Square
Portland, Maine 04112

Defendant's Attorney

—Judy A.S. Metcalf, Esq. (Darling's)
167 Park Row
P.O. Box 9
Brunswick, Maine 04011
— Joseph Wannemacher, AAG
State House Station #6
Augusta, Maine 04333-0006

| Date of Entry | |
|---|---|
| 10/4/00 | Petition for Review of Administrative Action with attached exhibit A, filed. s/Rosenthal, Esq. (filed 10/2/00) |
| 10/11/00 | Notice of Appearance and Position of Statment, filed. s/Metcalf, Esq. |
| 10/12/00 | Letter entering appearance, filed. s/Wannemacher, AAG |
| 10/27/00 | Certified Record, filed. (in vault drawer) Notice of briefing schedule sent to attys of record. |
| 12/6/00 | Brief of Petitioner Ford Motor Company, filed. s/Rosenthal, Esq. |
| 1/5/01 | Brief of Darling's, Party-in-Interest, filed. s/Metcalf, Esq. |
| 1/10/01 | Brief of Respondent Secretary of State, filed. s/Wannemacher, AAG. |
| 1/25/01 | Reply Brief of Petitioner For Motor Company, filed. s/Rosenthal, Esq. |
| 5/30/01 | Hearing had on appeal with Hon. Justice Donald Marden, presiding. James Kilbreth, Esq. and Daniel Rosenthal, Esq. for the Plaintiff. Joseph Wannemacher, AAG for the State of Maine and Judy Metcalf, Esq. for the Darling's. Oral arguments made to the court. Court to take matter under advisement. |
| 7/13/01 | ORDER ON APPEAL, Marden, J. (dated 7/12/01) For the reasons stated herein, this matter is remanded to the Secretary of State to modify its decision as to conclusions of law found by this Court to be in error and to take such other octions, if any, as deemed necessary by the Secretary of State consistent with this decision. Copies mailed to attys of record. |
| | Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |
| | Notice for removal of record mailed to attys. |