2002 ME 167

**Jeffery H. YOUNG,**

v.

**Danyelle E. YOUNG.**

Supreme Judicial Court of Maine.

Argued: Sept. 5, 2002.
Decided: Nov. 21, 2002.

Steven A. Juskewitch, Esq. (orally), Ellsworth, ME, for plaintiff.

Jeffrey C. Toothaker, Esq. (orally), Toothaker & Chong, Ellsworth, ME, for defendant.

G. Steven Rowe, Attorney General, Matthew Pollack, Asst. Attorney General (orally), Augusta, ME, Amicus Curiae.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS and LEVY, JJ.

LEVY, J.

[¶ 1] Danyelle Young appeals from a protection from abuse order, 19 A M.R.S.A. § 4007 (1998 & Supp.2001), entered in the District Court (Bar Harbor, *Staples, J.*) in favor of her husband Jeffery Young. Pursuant to section 4007(1)(G),[1]

---

1. The subsection provides that relief granted     in a protective order may include:

the order awarded Jeffery the primary residential care of Lexi, Jeffery and Danyelle's daughter, as well as Serena, Danyelle's daughter from a prior relationship. Serena's natural father is not a party to this action. The primary issue presented by this appeal is whether a court granting a final protection order on behalf of a party who is not a parent, guardian, or custodian of a child in the household, may award parental rights and responsibilities for the minor child to that party. We do not reach this question, however, because we conclude that this appeal is moot and, therefore, dismiss the appeal.

## I. BACKGROUND

[¶ 2] Jeffery and Danyelle Young met in 1995 when Serena was several months old. Jeffery and Danyelle were married in 1996, and Lexi, the couple's only natural child, was born in 1997. According to Jeffery's testimony, he was the only person acting as a father to Serena during the five years the couple was together. After Danyelle and Jeffery separated in August 2000, both children lived with Danyelle and had visitation with Jeffery. Danyelle filed a complaint for divorce on September 22, 2000, and a subsequent interim order by the divorce court (*Jordan, C.M.O.*) awarded Danyelle the primary residential care of both children and Jeffery rights of visitation.

[¶ 3] On September 13, 2001, Jeffery filed a complaint for protection from abuse, individually, and on behalf of Serena and Lexi. Jeffery's handwritten statement filed with his complaint alleged that Danyelle had committed abusive acts against him, but did not allege that Danyelle had committed any abusive acts against the children or that they were otherwise exposed to abusive acts. That same day, the court (*Staples, J.*) entered a temporary order for protection in favor of Jeffery, both individually and on behalf of Serena and Lexi, that granted Jeffery temporary custody of both girls and prohibited Danyelle from having contact with them or with Jeffery.

[¶ 4] A hearing on Jeffery's complaint was conducted on October 18, 2001. Jeffery testified about an incident where Danyelle had physically abused him by grabbing his face and kneeing him three times in the groin. He also testified that Serena and Lexi observed at least three incidents where Danyelle was emotionally out of control. The court found that Danyelle had abused Jeffery but not Serena or Lexi. After concluding that the children had been placed in situations "extremely detrimental to their well-being" by Danyelle, the court entered a final protection order for Jeffery individually, but did not enter such an order on behalf of the children.[2] The order included an award to Jeffery of the primary residential care of both Serena and Lexi, and it restricted Danyelle's right of parent-child contact with the girls to supervised visits. Danyelle filed a timely notice of appeal.[3] During the pendency

---

G. Either awarding some or all temporary parental rights and responsibilities with regard to minor children or awarding temporary rights of contact with regard to minor children, or both, under such conditions that the court finds appropriate as determined in accordance with the best interest of the child pursuant to section 1653, subsections 3 to 6.

 19-A  M.R.S.A. § 4007(1)(G) (Supp.2001).

2. Jeffery has not filed a cross-appeal from the court's denial of his petition brought on behalf of Serena and Lexi.

3. The Attorney General appears in this appeal in response to an order of the Law Court dated June 5, 2002, that noted that the Court may be required to address whether the protection from abuse statute, as applied in this case, infringed upon Danyelle's constitutional interests in directing and controlling Serena's

of this appeal, the divorce court (*Jordan, C.M.O.*) entered a second interim order on June 24, 2002, that awarded the children's primary residential care to Jeffery and restricted Danyelle's parent-child contact with both girls to supervised visits every other weekend and every Wednesday evening.

[¶ 5] In this appeal Danyelle asserts the court was without authority to award Jeffery parental rights and responsibilities for Serena absent a finding that she, Danyelle, had abused Serena. Jeffery disagrees and also contends that because the divorce court's June 24 order supersedes the award of parental rights and responsibilities contained in the October 18 protection from abuse order, this appeal is moot and should be dismissed.

### III. DISCUSSION

[¶ 6] Jeffery correctly asserts that the award of parental rights and responsibilities contained in the most recent interim order entered in the parties' divorce action supersedes the award of parental rights and responsibilities contained in the earlier protective order that is the subject of this appeal.[4] The Protection from Abuse statute expressly provides that "[t]he court's award of parental rights and responsibilities or rights of contact is not binding in any separate action involving an award of parental rights and responsibilities pursuant to Chapter 55 [(19–A M.R.S.A. §§ 1651–1658)]...." 19–A M.R.S.A. § 4007(1)(G) (footnote omitted). Title 19–A, section 1653(5–A) also limits the effect an award of parental rights and responsibilities in a protective order has in a separate action involving a determination of parental rights and responsibilities for the same child or children:

> Although the court shall consider the fact that a protective order was issued under chapter 101, the court shall determine the proper award of parental rights and responsibilities and award of rights of contact de novo and may not use as precedent the award of parental rights and responsibilities and rights of contact included in the protective order.

19–A M.R.S.A. § 1653(5–A) (Supp.2001).

[¶ 7] In the family law context, a case is moot when an appellate decision cannot offer a parent "any more relief" than what the parent received in an earlier proceeding. *In re Janna Lynn M.*, 2002 ME 45, ¶ 12, 793 A.2d 506, 509; *In re Misty B.*, 2000 ME 67, ¶ 7, 749 A.2d 754, 756; *see also Monroe v. Town of Gray*, 1999 ME 190, ¶ 4, 743 A.2d 1257, 1258 (holding that to determine if a case fails to present a justiciable controversy and thus is moot, the Court examines the record to determine " 'whether there remain sufficient practical effects flowing from the resolution of [the] litigation to justify the application of limited judicial resources' ") (quoting *Lewiston Daily Sun v. Sch. Admin. Dist. No. 43*, 1999 ME 143, ¶ 14, 738 A.2d 1239, 1243). Because the parental rights and responsibilities provision in the October 18 protection from abuse order is no longer operative, there are no practical effects that will flow to either party from our determination of this appeal. Danyelle's appeal therefore presents a moot issue for decision.

[¶ 8] An issue that is technically moot may still be addressed on appeal if one of the three narrow, yet established,

---

upbringing and, if so, whether the statute is narrowly tailored to serve a compelling state interest.

4. The extent of the authority of a divorce court to award parental rights and responsibilities to a stepparent in an interim order is not considered in this appeal.

exceptions to the mootness doctrine applies: "(1) sufficient collateral consequences will flow from a determination of the questions presented, (2) the question, although moot in the immediate context, is of great public interest and should be addressed for future guidance of the bar and public, or (3) the issue may be repeatedly presented to the trial court, yet escape review at the appellate level because of its fleeting or determinate nature." *Sordyl v. Sordyl,* 1997 ME 87, ¶ 5, 692 A.2d 1386, 1387 (quotations omitted). This case does not fall within the first exception because the decision that a stepparent may or may not be awarded parental rights and responsibilities in a protection order would not have collateral consequences in later litigation between the parties due to the superseding nature of the divorce action. *Id.* at ¶ 6, 692 A.2d at 1388. The third exception is also inapplicable because there is no " 'reasonable expectation' or 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Id.* at ¶ 7, 692 A.2d at 1388 (quoting *Taxpayers for the Animas–La Plata Referendum v. Animas–La Plata Water Conservancy Dist.,* 739 F.2d 1472, 1479 (10th Cir.1984)).

[¶ 9] To establish whether a question is important enough to fall within the second exception for issues of great public concern, we consider the following criteria: whether the question is public or private, how much court officials need an "authoritative determination" for future rulings, and how likely the question is to recur in the future. *King Res. Co. v. Envtl. Improvement Comm'n,* 270 A.2d 863, 870 (Me.1970) (citations omitted).

The question presented by this case is "public" in nature because it involves both the State's interest in protecting children who are the victims of domestic abuse, or who reside in households impacted by domestic abuse, as well as parents' fundamental liberty interest in the care and custody of their children free of state interference. The question is also one that is likely to recur because there are a significant number of blended families with children in Maine. With these families, there is a substantial potential that when a stepparent or unmarried cohabitant initiates a protection from abuse action and there is a minor child in the household, the stepparent or unmarried cohabitant will seek parental rights and responsibilities for a child or children in the household for whom they have no legally recognized parental rights, but for whom they have provided parental care.[5] We also take judicial notice of the substantial proliferation of the number of protection from abuse complaints filed in Maine in recent years.[6]

[¶ 10] The second *King Resources* criterion, however, presents us with a dilemma. While an authoritative determination on the question presented could be of great benefit, the facts do not allow us to analyze all relevant facets of the protection from abuse statute. Jeffery was awarded parental rights and responsibilities on behalf of himself, not on behalf of his stepdaughter Serena, because the court found that he alone had been abused by Danyelle. This finding has not been challenged on appeal. Accordingly, we cannot fully explore the extent to which the Protection from Abuse statute authorizes the

---

5. Nationally, "approximately one in five children under the age of 18 reside in a stepfamily." John C. Mayoue, *Stepping in to Parent,* Fam. Advoc., Fall 2002, at 36.

6. According to data reported by the Administrative Office of the Courts, the number of protection from abuse complaints filed in Maine increased from 1574 in 1982 (the first year in which filing data was maintained) to 6545 in 2000.

award of parental rights and responsibilities to a stepparent, because this case does not involve an award of parental rights and responsibilities to a stepparent who has brought an action on behalf of a minor child who was found to have been abused. *See* 19–A M.R.S.A. § 4005(1) (1998) ("When a minor child in the care or custody of a family or household member has been abused by a family or household member, a person responsible for the child, as defined in Title 22, section 4002, subsection 9, or a representative of the department may seek relief by filing a petition alleging that abuse.").

[¶ 11] Because we cannot render an "authoritative determination" in this case as to whether and under what circumstances section 4007(1)(G) of the Protection From Abuse statute permits an award of parental rights and responsibilities to a stepparent, we conclude that the question, as framed by the facts of this case, does not fall within the second exception to the mootness doctrine and should not be reached.

The entry is:

Appeal dismissed.