STATE OF MAINE

KENNEBEC, ss.

JOHN MAGGIO,

      Petitioner

  v.

STATE OF MAINE, DEPARTMENT
OF BEHAVORIAL AND
DEVELOPMENTAL SERVICES,

      Respondent

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-23
SKS -KEN- 12/17/2003

**DECISION ON APPEAL**

DONALD L. GARB.......
LAW LIBRARY

FEB 18 2004

This matter comes before the court on appeal pursuant to M.R. Civ. P. 80C and 5 M.R.S.A. § 1101 *et seq.* The appeal is from the Final Decision of the Acting Commissioner of the Department of Behavioral and Developmental Services (DBDS). Finding competent and substantial evidence to support the result reached by the Commissioner and detecting no error of law or abuse of discretion, the court will deny the appeal.

## Factual and Procedural Background

In January of 2003, petitioner John Maggio was a 35 year-old inmate at the Penobscot County Jail being held pending trial on burglary and theft charges, among other things. Upon entering the jail the previous October, Maggio had been classified as a maximum-security inmate.

On July 14, 2003, Maggio was admitted to the Bangor Mental Health Institute (BMHI) on an emergency basis. Maggio had been complaining of anxiety, paranoia, poor sleep and visual and auditory hallucinations, including hearing voices telling him to disembowel himself. Maggio's hospitalization was short term, and he was returned

to the Penobscot County Jail on January 17, 2003, after three days of medication and treatment.

During Maggio's stay and treatment at BMHI, he was not allowed outdoor recreation. In large part, this denial of outdoor recreation was the result of a memorandum from the jail to BMHI which specifically included the information that Maggio was considered an escape risk and should not be allowed to leave the locked treatment unit to go outside. According to "Rights of Recipients of Mental Health Services" (RRMHS), Chapter 1, Part A, § VII(G)(9)(a), "Each inpatient or residential facility shall provide at least: . . . 5. A reasonable opportunity for physical exercise and recreation, including access to outdoor activities." During the three days he was treated at BMHI, Maggio brought a grievance under the Code of Maine Regulations two days after his return to the Penobscot County Jail. After failing at the first level, Maggio pursued a Level II grievance which was equally unsuccessful. Finally, Maggio filed a Level III grievance which resulted in a hearing before an Administrative Hearing Officer. The recommendation from the Hearing Officer to the Acting Commissioner of DBDS was that BMHI had violated Maggio's rights. The Commissioner accepted and adopted the Hearing Officer's findings, but rejected her recommendation stating:

> I do not accept the Hearing Officer's recommendation. I expressly reject her statement on page 6 that there is no exception in the rules to the "requirement that patients be allowed to recreate outdoors . . . " Instead, I find that the rules specifically provide for determination of whether it is reasonable in each case for a patient to be allowed to recreate outdoors. That determination of reasonableness depends on the unique facts of each case. In this case, the patient was maximum security inmate . . . escape risk . . . it was reasonable to deny him access to the outdoors, at least during the brief period of time that he was hospitalized and at a time BMHI had no other facts upon which to base a decision about his access to the outdoors.

Petitioner filed a timely Rule 80C appeal of the Acting Commissioner's decision, challenging that decision as erroneous, arbitrary, capricious and an abuse of discretion.

The Department responds that the petitioner's action is moot since he is no longer a patient, or, alternatively, that the decision was not erroneous or arbitrary.

## Discussion

### Mootness.

Before discussing the petitioner's arguments on the merits, it is necessary to consider the respondent's argument that the appeal is moot. The petitioner is no longer a patient at BMHI and the appeal, if successful, will have no present effect on him. Ordinarily, there must be some practical effect flowing from an appeal to justify the judicial time spent. However, there are exceptions in certain cases, and in the present case the court finds the issue is one which may be presented frequently but escape review because of its fleeting nature. *Young v. Young*, 2002 ME 167, 810 A.2d 418, 421-422. Unfortunately, it is not uncommon for some citizens suffering from mental illnesses to find themselves caught up in the criminal justice system due to the particular way in which their illness may manifest itself. If it is found in the individual case that a hospitalization is necessary for the inmate, even for a short period to adjust his or her medications, the issues presented in the present appeal may not be that unique. In addition, the length of time necessary to go through the administrative appeal process makes it much more likely that the petitioner would not be a patient of the hospital at the time the appeal is presented in court. For these reasons, the court finds that this appeal is not moot.

### Merits.

The petitioner argues that the decision of BMHI staff not to allow him outdoor recreation was a violation of the "Rights of Recipients of Mental Health Services (RRMHS), specifically Ch. 1, Part B(II)(E)(5): "Each inpatient or residential facility shall provide at least: . . . 5. A reasonable opportunity for physical exercise and recreation,

including access to outdoor activities." In making her decision, the Commissioner focused on the word "reasonable." The Commissioner also pointed out that the petitioner had been classified by jail personnel as a maximum-security inmate due to the pending charges and prior criminal history including escape or attempted escape from other confinement. Given those factors and no other knowledge or experience available within the brief hospitalization, the Commissioner felt that the decision by BMHI staff that the petitioner was an escape risk and denying him access to the outdoors was reasonable. The court agrees.

The petitioner also argues that BMHI erred in relying upon the assessment of the jail in determining his escape risk, rather than providing a decision based upon its own professional mental health judgment. This argument ignores, as noted above, the fact that petitioner was only at BMHI a total of three days so that the BMHI staff had little in terms of its own observations to rely on in making this determination. Second, the argument ignores the fact that although the petitioner was transferred from the Penobscot County Jail to BMHI on an emergency basis for treatment, his basic status as a person in the custody of the jail did not change and he would return to the jail as soon as treatment allowed. Again, under these circumstances, it was not unreasonable for the BMHI staff to lend great weight to the assessment and request of the jail staff.

Finally, the petitioner argues that the Acting Commissioner abused her discretion and/or committed an error of law because she did not fully cite all references to outdoor activities in her decision. The court does not agree. The Acting Commissioner made findings adequate to explain the basis for her decision and there was no due process or other legal violation.

The court finds that the decision of the Acting Commissioner was adequately supported by the evidence of record, there were no errors of law, and there was no abuse of discretion. Therefore, the entry will be:

Appeal DENIED. REMANDED to the Commissioner.

Dated: December____17____, 2003

S. Kirk Studstrup
Justice, Superior Court

Date Filed __5/5/03__ ___Kennebec___ Docket No. __AP03-23__
County

Action __Petition for Review__
80C

## J. STUDSTRUP

__John Maggio__ vs. __Department of Behavioral & Developmental__
Plaintiff's Attorney Defendant's Attorney Services

Mark Joyce, Esq.
P.O. Box 2007
Augusta, Maine 04338

F. Todd Lowell, AAG.
Office of Attorney General
6 State House Station
Augusta ME 04333-0006

| Date of Entry | |
|---|---|
| 5/5/03 | Petition for Review of Final Agency Action, filed. s/Joyce, Esq. (attached Exhibit A)<br>Certificate of Service, filed. s/Joyce, Esq.<br>Application of Plaintiff to Proceed Without Payment of Fees, filed. s/John Maggio<br>Petitioner's Affidavit in Support of Application for Leave to Proceed In Forma Pauperis, filed. s/John Maggio |
| 5/6/03 | ORDER ON APPLICATION TO PROCEED WITHOUT FEES, Studstrup, J.<br>The filing fee is waived.<br>Copies mailed to atty of record. |
| 5/29/03 | Entry of Appearance on behalf of Department of Behavioral Services, filed. s/T. Lowell, AAG. |
| 6/3/03 | Motion to Extend Time for Filing of Record, filed. s/Lowell, AAG<br>Proposed Order on Motion to Extend Time for Filing of Record, filed. |
| 6/10/03 | ORDER, filed. s/Atwood, J. (dated 6/6/03)<br>It is hereby ORDERED that the record in this case shall be filed by June 11, 2003. Copies issued to counsel of record. |
| 6/10/03 | Certified Administrative Record, filed. s/T. Lowell, AAG. |
| 6/11/03 | Notice and Briefing Schedule issued to M. Joyce, Esq. and T. Lowell, AAG. |
| 7/21/03 | Brief of Petitioner, filed. s/Joyce, Esq. |
| 8/19/03 | Respondent's Brief, filed. s/Lowell, AAG |
| 9/2/03 | Reply Brief of Petitioner, filed. s/Joyce, Esq. |

Notice of setting for __10/8/03__

sent to attorneys of record.