2007 ME 136

**Louise P. GAUTHIER**

v.

**Bruno S. GAUTHIER.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 17, 2007.

Decided: Sept. 25, 2007.

Coleman G. Coyne Jr., Murphy & Coyne, Lewiston, for plaintiff.

Lillian B. Kennedy, Auburn, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, CALKINS, LEVY, SILVER, and MEAD, JJ.

CLIFFORD, J.

[¶ 1] Bruno S. Gauthier appeals from an order entered in the District Court (Lewiston, *McElwee, J.*) on his motion for further findings and conclusions as to an extension of a protection from abuse order entered against him on Louise P. Gauthier's complaint. Bruno contends that the court erred in extending the order in the absence of any evidence or finding of abuse, and that the court exceeded its discretion in sanctioning him for requesting additional findings. We affirm.

## I. BACKGROUND

[¶ 2] In April of 2006, Louise Gauthier filed a complaint for protection from abuse against her husband, Bruno Gauthier, in the District Court. *See* 19–A M.R.S. § 4005 (2006). On May 5, 2006, pursuant to 19–A M.R.S. § 4007(1) (2006), the parties agreed to the court's issuance of a protection from abuse order against Bruno

without a testimonial hearing and without a finding of abuse. The parties agreed to entry of the order for a period of six months only, until November 5, 2006, "unless superceded by orders in [Louise and Bruno's] pending divorce."

[¶ 3] In October of 2006, Louise moved the court to extend the duration of the protection order on the ground that she wished to have the continued protection of the order while the parties' divorce remained pending. During the hearing on Louise's motion, Louise testified that she and Bruno agreed to the initial protection order for a period of six months because they thought at the time that their divorce would be resolved within that time period. Louise stated that the divorce was taking longer to resolve than anticipated and would require another six months to finalize. Bruno testified that the length of the divorce proceedings was not a factor in his agreement to entry of the initial protection order.

[¶ 4] The court found that the purpose of the six-month time frame to which the parties originally agreed, as opposed to the maximum period of two years often applied to protection orders, *see* 19-A M.R.S. § 4007(2) (2006), was to stabilize their relationship pending the divorce, and that because the divorce was not yet final, there was good cause to extend the order another six months. Over Bruno's objection, the court therefore extended the original protection order until April 20, 2007, stating: "The parties agreed on 5/5/06 to the following Order, which is made without findings of abuse."

[¶ 5] Bruno moved for further findings of fact and conclusions of law, to amend the judgment, and for a new trial. In his motion, Bruno challenged the court's extension of the protection order in the absence of his agreement, or any evidence or finding of abuse. In addition, as part of the motion, Bruno asked that the court identify all the details of a communication referred to by the court during the hearing,[1] and requested that the trial judge recuse himself from the matter based on his participation in that communication. Meanwhile, Louise moved for an award of attorney fees.

[¶ 6] By order dated November 9, 2006, the court denied the motion for findings and conclusions, and denied Bruno's request for recusal, as well as his motions to amend and for a new trial. The court did, however, provide information about the subject communication by revealing that either another judge or the judicial marshal who handed him the file mentioned that "the current issue was related to an ongoing divorce action between the parties," a fact which the court noted was also "patently clear ... from the face of the agreed order." The court further stated that such information "could hardly be deemed an *ex parte* communication; and even if it could, it was not prejudicial to defendant." The court went on to discuss the evidence supporting its finding that the original protection order was issued in relation to the pending divorce, which evidence formed the basis of the court's extension. Finally, the court determined that that portion of Bruno's motion regard-

---

1. During the hearing on Louise's motion to extend, the trial court judge noted that when he received the file, there was some suggestion that the parties agreed to the initial protection order for the specified six-month time frame because of a related pending divorce between the parties:

 I must admit I actually heard something when I was handed the file—and—and by that I'm not suggesting I heard any ex parte information, but there was a suggestion in this case that—that the—that the order was agreed to for a specific period of time in anticipation of a related divorce action and that the—there—that action hasn't been completed; therefore, that's why a party might want to have an extension of the order.

ing the subject communication and recusal was frivolous, and sanctioned Bruno by ordering him to pay $250 toward Louise's attorney fees. Bruno appealed.

## II. DISCUSSION

 [¶ 7] Bruno primarily argues that although he agreed to the entry of the initial protection order for a period of six months, the court erred in extending the order for an additional period without either Bruno's agreement, or any evidence or finding of abuse. The record reveals, however, that the court's extension of the protection order is an issue that is moot because the order, by its own terms, expired on April 20, 2007.[2] *See Sordyl v. Sordyl*, 1997 ME 87, ¶ 4, 692 A.2d 1386, 1387 (noting that we do not consider matters in which our decision would provide no "real or effective relief," that is, when a dispute has lost its "controversial vitality" due to "legally valid and recognizable supervening circumstances") (quotation marks omitted). Further, none of the exceptions to mootness applies to Bruno's appeal.[3] *See Young v. Young*, 2002 ME 167, ¶ 8, 810 A.2d 418, 421–22 (outlining the three exceptions to mootness).

 [¶ 8] Bruno, however, also appeals the portion of the court's order sanctioning him by requiring him to pay $250 toward Louise's attorney fees, an issue that is not moot. The court's decision to sanction a party is reviewed for an abuse of discretion, as is the court's disposition of a motion for further findings and a motion for recusal. *Sewall v. Saritvanich*, 1999 ME 46, ¶ 10, 726 A.2d 224, 226; *Estate of Dineen*, 1998 ME 268, ¶¶ 8, 10, 721 A.2d 185, 188.

[¶ 9] Because we are unable to address the merits of the court's underlying judgment, i.e. the extension of the protection order, due to its mootness, we cannot say, given the deferential standard of review, that the court exceeded its discretion when it imposed a sanction on Bruno not for challenging the judgment, but for waiting to seek recusal of the trial judge until after the decision on the extension had already been issued.

 [¶ 10] Although unbiased decision-making by the courts is a "cardinal rule of American jurisprudence," well-established principles also exist to prevent

2. Because it is moot, we do not address the propriety of the court's extension of a protection order in the absence of either the defendant's consent or any evidence or finding of abuse. *See Connolly v. Connolly*, 2006 ME 17, 892 A.2d 465 (finding error in the trial court's failure to conduct a hearing when both parties did not agree to the court's issuance of a protective order).

3. Even the most likely applicable exception to mootness—the exception permitting review when "the issue may be repeatedly presented to the trial court, yet escape review at the appellate level because of its fleeting or determinate nature"—does not apply in these circumstances. *Young v. Young*, 2002 ME 167, ¶ 8, 810 A.2d 418, 422 (quotation marks omitted). "In order to qualify [under this exception], the activity generating the issue, by its very nature, must be so short in duration that

the issue will never be fully litigated prior to the cessation or expiration of the action." *Sordyl v. Sordyl*, 1997 ME 87, ¶ 7, 692 A.2d 1386, 1388. Further, "there must be a reasonable expectation or demonstrated probability that the same controversy will recur involving the same complaining party." *Id.* (quotation marks omitted). Although the extension issued as to Bruno was for a period of only six months, and was therefore mooted before an opportunity for appellate review, such extensions are often issued for much longer periods of up to two years. *See* 19–A M.R.S. § 4007(2) (2006). Thus, the opportunity for an appeal of a protection order does exist when the order is extended for a period longer than six months, as is usually the case. Accordingly, protection orders can be entered for a two-year period and can be further extended. We decline to apply this exception to mootness to Bruno's appeal.

abuse of the recusal process by litigants. *MacCormick v. MacCormick,* 513 A.2d 266, 267 (Me.1986). A party seeking recusal "must make a timely motion to disqualify a judge upon the discovery of grounds for the disqualification." *Id.* Indeed, a motion seeking recusal of a particular judge "should come at the earliest moment after knowledge of the facts that suggest recusal." *Id.* (quotation marks omitted). By failing to file such a timely motion or objection, a party fails to preserve the issue of a judge's disqualification. *Id.* "A party may not elect to take a chance on gaining a favorable decision and then, if the decision is unfavorable, raise grounds for recusal of which [he] or [his] counsel had actual knowledge prior to the decision being made." *Id.* (quotation marks omitted). Thus, "[o]nce a judgment has been entered in a case, a party [who has not preserved] his right to disqualify the trial judge ... cannot be heard to complain following an unfavorable result." *Id.* at 267–68 (quotation marks omitted).

[¶ 11] In the present matter, although the court mentioned the subject communication at the very beginning of the hearing on the motion to extend, Bruno did not seek recusal or any further information regarding the communication until *after* the court had entered the extended order against him. Thus, Bruno elected precisely the course prohibited in *MacCormick* in seeking the trial judge's recusal. The court did not exceed its discretion in sanctioning Bruno for abusing the recusal process in this manner.

The entry is:

Judgment affirmed.