MAINE SUPREME JUDICIAL COURT                                      Reporter of Decisions
Decision:      2015 ME 128
Docket:        Kno-14-458
Argued:        September 17, 2015
Decided:       October 6, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

BRIAN M. BAILEY

v.

DEPARTMENT OF MARINE RESOURCES

ALEXANDER, J.

[¶1]   Brian M. Bailey appeals from a judgment of the Superior Court (Knox County, *Billings, J.*) dismissing his M.R. Civ. P. 80C appeal from a decision of the Maine Department of Marine Resources (DMR) setting his 2014 elver[1] fishing quota at four pounds.  *See* 12 M.R.S. §§ 6505-A(3-A), 6575-K (2014).  The basis for the quota was stated in a March 25, 2014, letter and confirmed by issuance of a 2014 elver transaction card following a personal meeting between Bailey and DMR officials on March 31, 2014.[2]

[¶2]  No appeal was filed within thirty days after Bailey's March 31 receipt of the 2014 elver transaction card.  *See* 5 M.R.S. § 11002(3) (2014) (requiring that

---

[1]  Elvers are recently hatched eels that populate some Maine rivers in the spring and are in demand as a delicacy in Asian seafood markets.

[2]  The record indicates some uncertainty as to whether the elver transaction card was issued after a meeting on March 31 or April 30, 2014.  At oral argument, counsel confirmed that the meeting occurred and the elver transaction card was issued on March 31, 2014.

2

appeals of State administrative decisions must be filed within thirty days after receipt of notice of final agency action).  Instead, on May 1, 2014, Bailey, through counsel, sent a letter to the Commissioner of Marine Resources requesting an explanation of the quota decision.  After the Commissioner responded, and after the close of the 2014 elver season on May 31, 2014, Bailey filed this appeal on July 10, 2014.

[¶3]   Before reaching the merits, we must examine whether this appeal is moot because, regarding the 2014 elver season, there remains no "real and substantial controversy, admitting of specific relief through a judgment of conclusive character."  *See Anthem Health Plans of Me., Inc. v. Superintendent of Ins.*, 2011 ME 48, ¶ 5, 18 A.3d 824.  Bailey contends that we must reach the merits of the appeal because his 2014 quota will govern quotas assigned in future elver seasons and because the 2014 elver transaction card lacked specific findings beyond his catch limit, and thus did not constitute final agency action to start the running of the time to file an appeal.

[¶4]   There are three generally recognized exceptions to the mootness doctrine that may justify addressing the merits of an otherwise moot issue on appeal.  Thus we may address the merits of an otherwise moot case if (1) sufficient collateral consequences will result from the determination of the questions presented so as to justify relief; (2) there exist questions of great public concern

that we address in order to provide future guidance; or (3) the issues are capable of repetition but evade review because of their fleeting or determinate nature. *In re Christopher H.*, 2011 ME 13, ¶ 11, 12 A.3d 64. Because the 2014 quota may govern quotas Bailey is allowed in 2016, and because the issue of whether the elver transaction card constitutes final agency action is an issue capable of repetition but evading review because of the short length of each elver season, the issues before us present an exception to the jurisprudence that would ordinarily require us to dismiss this appeal, and we proceed to the merits.

[¶5] Pursuant to 5 M.R.S. § 8002(4) (2014), "final agency action" is defined as an agency decision affecting the "legal rights, duties or privileges of specific persons, which is dispositive of all issues, legal and factual, and for which no further recourse, appeal or review is provided within the agency." Bailey contends that this definition requires that the agency decision include specific fact-findings on the issues. All the definition requires, however, is that the agency decision, here the elver fishing quota, resolve "all questions necessarily involved in the underlying subject matter." *Wheeler v. Me. Unemployment Ins. Comm'n*, 477 A.2d 1141, 1146 (Me. 1984). In setting the quota for Bailey's elver catch, the decision reflected in the March 31 elver transaction card was dispositive of all relevant legal and factual issues.

4

[¶6]  Contrary to Bailey's assertion, DMR's issuance of Bailey's 2014 elver transaction card on March 31, 2014, constituted a final agency action, and Bailey's appeal was, therefore, not timely filed.  The Superior Court properly dismissed the action.

The entry is:

> Judgment affirmed.

---

**On the briefs:**

Joseph W. Baiungo, Esq., Belfast, for appellant Brian M. Bailey

Janet T. Mills, Attorney General, Emily K. Green, Asst. Atty. Gen., and Mark A. Randlett, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Maine Department of Marine Resources

**At oral argument:**

Joseph W. Baiungo, Esq., for appellant Brian M. Bailey

Emily Green, Asst. Atty. Gen., for appellee Maine Department of Marine Resources