Majority: GORMAN, JABAR, HJELM, and HUMPHREY, JJ.
Dissent: SAUFLEY, C.J., and ALEXANDER, J.
Dissent: ALEXANDER, J.
HJELM, J.
[¶1] Russell Chretien appeals from a now-expired order for protection from abuse entered in the District Court (Newport, Budd, J.) on a complaint filed by Susan Chretien. Russell contends that the court erred by issuing the protective order after explicitly finding that he had not abused Susan but that he posed a “credible threat” to her.[1] We conclude, first, that this appeal remains justiciable even though the protective order has expired; and, second, that because the court explicitly did *262 not find that'Russell had abused Susan, the court erred by issuing the order.
I. BACKGROUND
[¶2] Susan Chretien-filed a petition for a protection from abuse order against her husband, Russell Chretien, in August 2016. The court (Budd, J.) héld a hearing on the complaint on Septémbér 1, 2016. During the hearing, Susan testified about two incidents of Russell’s angry behavior in the summer of 2016.
[¶3] At the conclusion of the hearing, the court orally found that both of the alleged incidents had occurred. The court also stated, “I’m [going to] find that the defendant presents a credible threat, I’m not [going to] find that the plaintiff was, in fact, abused by the defendant,” (Emphasis added.)
[¶4] Based on its finding of a credible threat, the court issued a protective order that was to be-effective for six months, expiring on March 1, 2017. See 19-A M.R.S. § 4007(2) (2016) (authorizing the court to issue an order for “a fixed period not to exceed 2 years”). The order enjoined Russell from threatening or assaulting Susan, but the order did not prohibit Russell from possessing a firearm because the court determined that such a prohibition was not warranted.[2] Russell timely appealéd from the order. 19-A M.R'.S. § 4010(1) (2016); M.R. App. P. 2(b)(3).
II. DISCUSSION
[¶5] Because the protective order expired of its own terms during the pen-dency of this appeal, we first consider whether Russell’s challenge to the issuance of that order is justiciable.[3]
[¶6] We “will decline to hear a case that has lost [its] controversial vitality and is moot because' a decision by this court would not provide an appellant any real or effective relief.” Sparks v. Sparks, 2013 ME 41, ¶ 9, 65 A.3d 1223 (quotation marks omitted). Even if a case has become moot, we may nonetheless address the issues presented on appeal if “sufficient collateral consequences, will result from the determination of the questions presented so as to justify relief.” Mainers for Fair Bear Hunting v. Dep’t of Inland Fisheries & Wildlife, 2016 ME 57, ¶ 7, 136 A.3d 714 (quotation- marks omitted). -We also will consider issues that are “capable of repetition” if they would “escape appellate review” because they are temporally fleeting. Ewing v. Me. Dist. Ct., 2009 ME 16, ¶ 11 n.4, 964 A.2d 644.
[¶7] Twenty years ago, we declined to reach the merits of an appeal from an expired protective order where the defendant-appellant “implie[d]” that the case remained justiciable because “the finding of abuse could have collateral consequences in later litigation.” Sordyl v. Sordyl, 1997 ME 87, ¶ 6, 692 A.2d 1386.
[¶8] Since we issued our opinion in Sor-dyl,- a growing number of jurisdictions have observed that protective orders predictably generate collateral consequences affecting a party against whom the order was issued and, therefore, a presumption against mootness should apply to appeals *263 from orders that have expired. See, e.g., Cardoso v. Soldo, 230 Ariz. 614, 277 P.3d 811, 815 (App. 2012); Putman v. Kennedy, 279 Conn. 162, 900 A.2d 1256, 1258-59 (2006); Hamilton v. Lethem, 119 Hawai’i 1, 193 P.3d 839, 849 (2008); Roark v. Roark, 551 N.E.2d 865, 868 (Ind. Ct. App. 1990); Piper v. Layman, 125 Md.App. 745, 726 A.2d 887, 891 (1999); E.C.O. v. Compton, 464 Mass. 558, 984 N.E.2d 787, 791 n.12 (2013) (citing Wooldridge v. Hickey, 45 Mass.App.Ct. 637, 700 N.E.2d 296, 298 (1998)); Smith v. Smith, 145 N.C.App. 434, 549 S.E.2d 912, 914 (2001); Hudson v. Hudson, 328 S.W.3d 863, 865-66 (Tenn. 2010).
[¶9] The ongoing effects of i protective order — even one that has expired — can arise in various contexts, including family law proceedings, see 19-A M.R.S. § 1653(1)(B), (3)(L)[4] (2016); see also Guardianship of Jewel M., 2010 ME 80, ¶¶ 24, 36, 2 A.3d 301; Pechovnik v. Pechovnik, 765 N.W.2d 94, 97-98 (Minn. Ct. App. 2009); Cardoso, 277 P.3d at 815 (Ariz. Ct. App. 2012), and employment, housing, and educational opportunities, see, e.g., Hamilton, 193 P.3d at 849 (Haw. 2008), Piper, 726 A.2d at 891; Jessica Miles, We Are Never Ever Getting Back Together: Domestic Violence Victims, Defendants, and Due Process, 35 Cardozo L. Rev. 141, 151 (2013).
[¶10] Were the expiration of a protective order sufficient to bar its appellate consideration, a person against whom an order .was erroneously issued would be deprived of an opportunity to gain relief from the very real consequences of that order. Therefore, we now conclude that an appellate challenge to the issuance of a protective order remains justiciable after the order has expired, and we overrule Sordyl to the extent it .states otherwise. See 1997 ME 87, ¶ 6, 692 A.2d 1386.
[¶11] Reaching the merits, we now consider Russell’s assertion that the issuance of a protective order against him was erroneous because the court explicitly-stated that it was not finding that Russell had abused Susan. We “review de novo a challenge to the court’s interpretation of the protection from abuse statute.” Sparks, 2013 ME 41, ¶ 14, 65 A.3d 1223 (quotation marks omitted).
[¶12] When, a complaint for a protective order is contested, “[t]he court, after a hearing and upon finding that the defendant has committed the alleged abuse ... may grant a protective order.”[5] 19-A M.R.S. § 4007(1) (2016) (emphasis added). Here, after the parties had presented their evidence during the contested hearing, the court explicitly stated that it did not find that Russell had abused Susan. Rather, the court found that he posed a credible threat to her safety and issued the protective order on that basis.
[¶13] In making a finding of a credible threat, the court, drew on the part of section 4007(1) that states, “The court may enter a finding that the defendant represents a credible threat to the physical safety of the plaintiff ..., ” We have held, however, that a protective order cannot be supported by. a court’s finding that the *264 defendant poses only a “credible threat” to the plaintiffs safety. L’Heureux v. Michaud, 2007 ME 149, ¶ 11, 938 A.2d 801; see also Seger v. Nason, 2016 ME 72, ¶¶ 8-9, 138 A.3d 1221. Rather, “section 4007 mandates that an order for protection from abuse may be issued only with a hearing and finding of abuse, or with the agreement of the parties.” L’Heureux, 2007 ME 149, ¶ 11, 938 A.2d 801 (emphasis added). As we explained:
[T]he credible threat language included in 19-A M.R.S. § 4007 and 15 M.R.S. § 393 was intended to bring Maine into compliance with federal firearms provisions. The amendment to section 4007 [adding the “credible threat” language] affects firearms possession, but was not intended to directly impact whether a protection order is or is not entered. The amendment does not change the preexisting and still-explicit requirement that a finding of abuse is necessary to the issuance of a contested protective order. In short, the credible threat language in section 4007 is to be used in protection from abuse orders for the purpose of supporting a firearms prohibition provision in an order based on a finding of abuse, or to which the parties have agreed.
Id. ¶ 10, 138 A.3d 1221 (emphasis added) (citation omitted). The finding of a credible threat, therefore, is not a substitute for the finding of abuse that the court must make to issue a protective order in a contested protection case. See L’Heureux, 2007 ME 149, ¶ 10, 938 A.2d 801. Consequently, the court erred by entering a protective order based solely on its determination that Russell posed a credible threat to Susan’s safety,[6] without also making a finding that he had abused Susan.[7]
[¶14] Our conclusion that the court erred by issuing the protective order based only on its finding that Russell posed a credible threat, when the court did not also find that Russell had “abuse[d]” Susan, is not a dilution of the critical authority granted to the courts “to respond effectively to situations of domestic abuse ... [and] to provide immediate, effective assistance and protections for victims of abuse.” 19-A M.R.S. §. 4001(4) (2016). As we have discussed in other opinions and reiterate here, whether a defendant poses *265 a “credible threat” to the party seeking issuance of a protective order bears only on the court’s authority to include a firearms restriction in a protective order and is not dispositive of whether the defendant has abused plaintiff and whether a protective order should be issued in the first place. 19-A M.R.S. § 4007(1); see Seger, 2016 ME 72, ¶ 9, 138 A.3d 1221; L’Heureux, 2007 ME 149, ¶ 11, 938 A.2d 801. When, after a contested hearing, a court is persuaded that the defendant engaged in any type of “abuse,” including engaging in any of the specific types of threatening conduct defined as “abuse” in section 4002(1),[8] the court is fully authorized to issue an order specifically designed to provide the victim with enforceable measures of protection and safety. See 19-A M.R.S. § 4007(1).
[¶15] Here, notwithstanding its finding that Russell posed a credible threat to Susan, the court concluded that Susan had failed to prove any form of abuse. Without the necessary predicate of a finding of abuse, the court erred in issuing a protective order, and the order — even though it has since expired — is void ab initio. We remand with instructions for the court to enter judgment against Susan on her petition for issuance of a protective order.
The entry is:
Judgment vacated. Remanded for entry of judgment for the defendant.

. Susan did not file a brief in this appeal.

. The court concluded that "there’s been no testimony, other than [Russell’s] testimony that he’s a certified NRA safety instructor, that would cause [prohibiting Russell from possessing firearms] to be something I need to order in this case.”

. The issue of mootness has not been well developed by the parties. Nonetheless, we will consider a question of mootness even sua sponte.to ensure that we do not reach the merits of nonjusticiable cases. See In re Christopher H., 2011 ME 13, ¶ 10, 12 A.3d 64; see also In re Steven L., 2017 ME 5, ¶ 7 n.2, 153 A.3d 764.

. For example, 19-A M.R.S. § 1653(3)(L) (2016) provides that when a court adjudicates parental rights and responsibilities with respect tó a child, the court’s best interest determination requires consideration of, among other factors, "[t]he existence of domestic abuse between the parents, in the past or currently, and how that abuse affects” the child’s emotions and safety. (Emphasis added.)

. Tiñe 19-A M.R.S. § 4007(1) (2016) also authorizes the court to issue a protective order without making a finding of abuse if both parties consent — a circumstance not present here.

. Even beyond improperly issuing the protective order based entirely on a finding of a credible threat, the court's invocation of the "credible threat” language itself was erroneous. The court explicitly found that the firearms restriction was not warranted, and the protective order issued by the court did not prohibit Russell from using or possessing firearms. Because, as we discuss in the text, the only proper purpose for a finding of a credible threat is to prohibit a defendant from possessing firearms or other dangerous weapons, the error created by the credible threat finding is ■ demonstrated by the court’s own reasoning.

. The Chief Justice’s dissenting opinion states that because neither party requested the court to issue further findings of fact, we should infer that the court made the finding of abuse that is a necessary predicate to the issuance of a protective order. Saufley, C.J., Dissenting Opinion ¶ 23. As is suggested in the case cited in that dissenting opinion, however, that inferential device is used to fill gaps in a court’s factual analysis. See Wardwell v. Duggins, 2016 ME 55, ¶ 12, 136 A.3d 703 (stating that in our review of a court's factual analysis after the parties had not moved for the court to issue findings beyond those set out in its judgment, "we consider the facts as found expressly by the court, and ... we will also infer that the court found any additional facts necessary to support its determination.”). Here, the court’s explicit statement that it did not find that Russell had abused Susan is dispositive of the issue, and were we to infer that the court made a finding that is contrary to its express finding, we would improperly rewrite the court’s own assessment of the evidence.

. The forms of threatening conduct constituting “abuse” within the meaning of the protection statutes are: "[a]ttempting to place or placing another in fear of bodily injury through any course of conduct, including ... threatening ... behavior”; "[c]ompelling a person by ... threat” to engage in, or abstain from, certain conduct; and ”[c]ommunicating tó a person a threat to commit” certain crimes of violence in specified circumstances. 19-A M.R.S. § 4002(1)(B), (C), (E) (2016).