ALEXANDER, J.,
dissenting.
.[¶27] I respectfully .dissent.
[¶28] In this appeal, the challenged protection from abuse order has expired. Because the challenged brder had a duration of only six months, Russell Chretien, prosecuting this appeal assisted by very experienced counsel, certainly knew that the *268 challenged order would likely expire before we could reach the merits of his appeal. Despite that knowledge, Russell Chretien made no effort to expedite his appeal so that the issue could be reached while the protection from abuse order and the appeal were still viable. Further, Chretien’s brief does not address the issue of mootness or suggest any exception to the mootness doctrine that might support our reaching the merits of his appeal from the now-expired protection from abuse order.
[¶29] Perhaps more significantly, the individual who sought and received protection by the court’s order has not appeared, whether from indifference or fear we know not. Thus, on the appeal, we have only Russell Chretien’s advocacy about the merits of the appeal, one side of what is certainly a two-sided story. The record, viewed most favorably to the court’s findings, indicates that the victim faced very real risks and threats from Russell Chretien’s conduct.[12]
[¶30] Despite having before us only one side of the story and hearing only advocacy by a party who did not seek to expedite his appeal or to preserve and present the mootness issue, the Court, sua sponte, raises the mootness issue. Without advocacy from either side, the Court reaches out and makes a major pronouncement of law, overruling an important precedent, Sordyl v. Sordyl, 1997 ME 87, ¶ 6, 692 A.2d 1386. We should not reach out, overrule precedent, and change the law without at least some advocacy from the parties to the appeal.
[¶31] There are three generally recognized exceptions to the mootness doctrine. These circumstances may justify addressing the merits of an otherwise moot issue on appeal if
(1) sufficient collateral consequences will result from the determination of the issues appealed to justify relief;
(2) the appeal involves a question of public interest or great public concern that may repeat itself and should be addressed in the interest of providing future guidance to the bar and the public; or
(3) the issue may be repeatedly presented to the trial court yet escape review at the appellate level because of its fleeting or determinate nature.
Bailey v. Dep't of Marine Res., 2015 ME 128, ¶ 4, 124 A.3d 1125; In re Christopher H., 2011 ME 13, ¶ 11, 12 A.3d 64; Lewiston Daily Sun v. Sch. Admin. Dist. No. 43, 1999 ME 143, ¶ 17, 738 A.2d 1239.
[¶32] Russell Chretien, the appellant, the party with the burden of persuasion on appeal,[13] has not attempted to persuade us on mootness. He has presented nothing to suggest that any exception to the mootness doctrine should apply to his appeal of the now-expired protection order. Russell Chretien’s silence on the mootness issue is particularly problematic here where the trial court adjusted its findings, perhaps erroneously, to issue an order protecting the victim, while avoiding the major collateral consequence of an abuse finding by allowing Russell Chretien to keep his many guns. With the major collateral consequence of the protection order having been avoided by the trial court’s drafting, and with Russell Chretien having suggested no other collateral consequence of concern from the expired order, what collator *269 al consequences there might be is left to speculation.
[¶33] Speculating about collateral consequences that may remain, the Court makes its major pronouncement of law, overrules Sordyl, and vacates the protection order. By its action, the Court tells the victim that she did not deserve protection on the facts she presented, and it frees Chretien from the effects, if any, of an order that, less than a year ago, the trial court felt compelled to issue to protect the victim from the credible threat that Chretien posed to her.
[¶34] In the circumstances where Russell Chretien failed to seek to expedite his appeal and failed to preserve and present the mootness question to us, we should dismiss the appeal as moot to ensure that, by having heard only one side of the story, we do no harm.
[¶35] I would dismiss this appeal as moot. As the Court elects to reach the merits of the issue, I also join the Chief Justice’s dissent, as to all but the mootness issue.

. The Chief Justice’s dissent, which I join, notes the serious risks and dangers to the victim indicated in the record.

. The appellant, the party seeking to vacate a trial court judgment or agency decision on appeal, bears the burden of persuasion to demonstrate error. See Beal v. Town of Stockton Springs, 2017 ME 6, ¶ 13, 153 A.3d 768.