2002 ME 45

**In re JANNA LYNN M. et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: March 5, 2002.
Decided: March 27, 2002.

James M. Dunleavy, Dunleavy Law Offices, P.A., Presque Isle, ME, Richard L. Rhoda, Houlton, for appellants.

G. Steven Rowe, Attorney General, Matthew Pollack, Asst. Attorney General, Heidi Silver, Asst. Attorney General, Augusta, for appellee.

Margaret T. Johnson, Presque Isle, guardian ad litem.

Panel: SAUFLEY, C.J., CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] The parents of Janna Lynn M., Alexander M., and Zachary M. appeal from a preliminary child protection order entered in the District Court (Houlton, *Griffiths, J.*) granting custody of the children to the Department of Human Services (DHS). They primarily claim a violation of their due process rights because of the refusal of the court to hold a jeopardy hearing. We dismiss the appeal as moot.

## I. BACKGROUND AND PROCEDURE

[¶ 2] This proceeding began on August 15, 2000, when DHS filed a petition for a child protection order and a request for an order of preliminary child protection concerning Janna Lynn and Alexander. The petition stated that the children were neglected because of the parents' unkempt home and car and their failure to keep the children clean. The petition also alleged that the parents failed to protect the children from the threat of sexual abuse by Raymond L., the mother's brother, an untreated sex-offender, who was living with the family. That same day the District Court granted the preliminary protection order and DHS took temporary custody of the children. On August 24, the parents consented to the temporary order and waived the summary preliminary hearing.

[¶ 3] On November 3, 2000, Zachary was born, and the next day the court granted DHS custody of him pursuant to a child protection petition and request for a preliminary child protection order. The court held a summary preliminary hearing on November 9, found that DHS had not shown an immediate risk of serious harm, and ordered that custody of the infant be returned to the parents.

[¶ 4] On December 14, 2000, by agreement of the parties, the court entered a jeopardy order regarding Janna Lynn and Alexander, reciting that jeopardy consisted of the threat of the parents' neglect of the children and their failure to protect the children from a threat of sexual abuse. Also by agreement of the parties, the court granted custody of the two children to the parents, ordered the parents to participate in services, and ordered that DHS supervise the custody and have unrestricted access to the children. With regard to Zachary, the court, again by agreement of the parties, entered a jeopardy order on January 11, 2001, finding that jeopardy was based upon "the threat of neglect, the threat of lack of supervision, and the threat of failure to protect."

[¶ 5] A judicial review regarding all three children was held in May 2001, and the parties agreed to the entry of an order stating that the parents' progress with the case plan was good and that the prior custody and supervision arrangements were to remain in place. Another review hearing was set for November 2001.

[¶ 6] On July 25, 2001, DHS filed a request for a preliminary order of child protection with regard to all three children. DHS alleged that the children were immediately threatened by serious harm in the form of a threat of sexual abuse by Matthew L., another brother of the mother, who had been convicted of gross sexual misconduct in 1986. DHS had discovered Matthew L.'s presence at a home where the parents, along with the children, had been housesitting. That same day, the

court granted the request and gave custody of the children to DHS.

[¶ 7] At the summary preliminary hearing on August 2, 2001, the DHS caseworker and casework supervisor testified, as did both parents. The court prohibited the parents from calling Matthew L. and the owner of the house where they had been staying to testify to the circumstances surrounding the period during which Matthew L. was in close proximity to the children. The court found that the children were in immediate risk of serious harm and upheld the earlier preliminary protection order. The court declined to schedule a jeopardy hearing and stated that the next proceedings in the case would be a case management conference on October 4, 2001, and the judicial review hearing set for November 8, 2001. On October 4, the court reduced its oral findings to writing and issued the summary preliminary hearing order, declaring that the preliminary child protection order would remain in full force and effect. Both parents then filed a notice of appeal.

[¶ 8] While the appeal was progressing, the court held a contested judicial review over three days from November 8, 2001 to January 31, 2002. At its conclusion the court found that the parents had failed to protect the children from the threat of sexual abuse the previous July and that the children continued to be in jeopardy. It also found that the parents' compliance with the case plan was unacceptable and that the parents' distrust of DHS and the service providers had caused the parents not to prosper in those services. Finally, the court found that the parents were untrustworthy, noting that they had adopted a "don't ask, don't tell" policy regarding the mother's current pregnancy. The court ordered that custody of the three children remain with DHS.

## II. DISCUSSION

[¶ 9] The statutory scheme fails to provide a procedure for removing children from their parents' home in the situation where there is an on-going child protection proceeding and the court has found jeopardy but has ordered that the children remain with the parents. There is a statutory preference for maintaining custody of children with their parents if appropriate conditions can protect the children from jeopardy and it is in their best interests. 22 M.R.S.A. § 4036(2) (1992). Given this preference, it is unfortunate that there is no explicit statutory procedure for removal of the children from the home when conditions substantially change.

[¶ 10] Without a statutory procedure, DHS apparently decided that a request for a preliminary child protection order was the best way to bring the children's situation to the attention of the court. However, the use of that request caused confusion.[1] The statutory authorization for a preliminary child protection order includes the procedure to be followed when the request is made and includes the burden upon DHS to obtain such an order. 22 M.R.S.A. § 4034 (1992 & Supp.2001). When a preliminary order is issued, it must be followed within ten days by a summary hearing. Id. § 4034(4) (Supp. 2001). Because the request for the preliminary order is almost always filed with the initial petition, it means that the summary hearing is followed by a final jeopardy hearing. Id. § 4035(4–A) (Supp.2001). Thus, the expectation of the litigants, when

---

1. The parents argue that 22 M.R.S.A. § 4034(1) (1992), which states that "[a] petitioner may add to a child protection petition a request for a preliminary protection order," restricts the use of the request to the time that the petition is filed. We do not read the provision so narrowly.

the preliminary protection request is utilized, is that the summary hearing will be followed by a jeopardy hearing. Here, however, that final jeopardy hearing did not occur following the summary hearing because the court had already determined jeopardy, by agreement of the parties, several months earlier.

[¶ 11] The parents argue that they were constitutionally or statutorily entitled to a further jeopardy hearing following the summary hearing. Because the parents have now had a subsequent judicial review hearing, the parents have been provided with the very relief they seek. At that judicial review hearing the court determined that the parents had once again placed the children in jeopardy in that they had failed to protect them from the threat of sexual abuse the previous July.

[¶ 12] When an appellate decision cannot afford the appellants any effective relief, we do not review the case. *In re Misty B.*, 2000 ME 67, ¶ 7, 749 A.2d 754, 756. This case is moot because we cannot offer the parents any more relief than what they have already received through the judicial review proceeding held in November, December, and January. Even if DHS should not have couched its emergency request in terms of a preliminary protection order and even if the court should have acceded to the parents' request for a different process, because of the earlier jeopardy agreement the court was well within its statutory authorization to determine at the judicial review hearing that the children were in jeopardy and to place custody of those children with DHS. The parents' claim that the evidence at the summary hearing was insufficient to show that the children were in immediate risk of serious harm is likewise moot because of the subsequent judicial review hearing at which the court was not required to find *immediate* risk as a prerequisite of placing

the children with DHS. *Compare* 22 M.R.S.A. § 4034(4) *with id.* § 4035(2) (1992).

The entry is:

Appeal dismissed.