MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2015 ME 118
Docket:        Pen-14-543
Submitted
  On Briefs:   July 23, 2015
Decided:       August 25, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
               HUMPHREY, JJ.


DEAN PEARSON

v.

STACIE ELLIS-GROSS


PER CURIAM

[¶1]   Dean Pearson appeals from a post-judgment order, entered by the District Court (Bangor, *Jordan, J.*), granting Stacie Ellis-Gross's motion to modify a previous parental rights and responsibilities order by awarding her sole parental rights and responsibilities and primary residence of the parties' minor child, and requiring that Pearson's contact with the child be supervised.  We affirm the judgment.[1]

[¶2]   Pearson and Ellis-Gross are the parents of a minor child, who was born in June 2003.  In August 2004, the court (*Brodrick, J.*) entered a parental rights and

---

[1]  We deny Ellis-Gross's request to dismiss the appeal for Pearson's failure to file a brief and appendix that comply with M.R. App. P. 8 and 9 because any deficiencies in the brief and appendix do not "prevent[] us from evaluating [Pearson's] arguments on appeal in an effective and meaningful way." *Hutchison v. Bruyere*, 2015 ME 16, ¶ 10, 111 A.3d 36.  Further, we decline to award sanctions on appeal pursuant to M.R. App. P. 13(f).

responsibilities order granting Pearson and Ellis-Gross shared parental rights and responsibilities and shared primary residence. In 2007, in response to a motion to modify by Ellis-Gross and by agreement of the parties, the court (*Dow, J.*) amended the parental rights and responsibilities order so that the child would reside primarily with Ellis-Gross but would stay with Pearson on weekends.

[¶3] In November 2013, Ellis-Gross filed a motion to modify the 2007 parental rights and responsibilities order. In the motion, Ellis-Gross alleged that Pearson's behavior had become "increasingly erratic and threatening," and she sought sole parental rights and responsibilities, primary residence of the child, and a requirement that Pearson's contact with the child be supervised. After a testimonial hearing, the court granted the motion in a written order, and Pearson appealed.

[¶4] We review the trial court's findings of fact in an order modifying parental rights and responsibilities for clear error, and "will vacate the judgment only if no competent evidence exists in the record to support it." *Sloan v. Christianson*, 2012 ME 72, ¶ 25, 43 A.3d 978 (quotation marks omitted). The court's ultimate decision to grant a motion to modify is reviewed for "an abuse of discretion or an error of law." *Id.* ¶ 26.

[¶5] A parent who moves for a modification of parental rights "must demonstrate that a substantial change in circumstances has occurred since the

previous decree and that the modification is in the best interests of the children as determined through an analysis of the factors in 19-A M.R.S. § 1653(3)." *Jackson v. MacLeod*, 2014 ME 110, ¶ 21, 100 A.3d 484. Here, although the court did not explicitly find that there had been a substantial change in circumstances affecting the child's best interests since the previous parental rights and responsibilities order, we attribute that conclusion to the court based on its ultimate order. *See Sloan*, 2012 ME 72, ¶ 39, 43 A.3d 978 (stating that the court made an "implicit determination that a substantial change in circumstances has occurred."). Because neither party filed a motion for additional findings of fact and conclusions of law pursuant to M.R. Civ. P. 52(b), "we will infer that the trial court made any factual inferences needed to support its ultimate conclusion." *Pelletier v. Pelletier*, 2012 ME 15, ¶ 20, 36 A.3d 903.

[¶6] Here, based on express and inferred findings, the record supports the court's implicit conclusion that there was a change of circumstances. The court was presented with the following evidence: since the prior order was entered, Pearson was arrested for disorderly conduct after he arrived at the child's school and became "agitated and upset with the school staff," yelling at Ellis-Gross in front of children at the school; a police officer arrested Pearson for telephone harassment after Pearson called the principal of the child's school and "was so belligerent that the school was put on lock down"; and Pearson once left the child

alone for five hours, even though the child has an autism spectrum disorder and, according to medical providers, should not be left without supervision. Additionally, the court considered Pearson's own testimony at the motion hearing that if he could not have unsupervised contact with the child, he wanted his parental rights terminated and that "at times you need to rattle some cages to get your way."

[¶7]  That evidence supports the court's findings that Pearson is willing to resort to violence when he does not get his way and is likely to "do as he pleases" in caring for the child, "regardless of what medical experts say regarding appropriate care."  Further, the evidence supports the court's ultimate conclusion that Pearson's "insistence on having things his way or no way is against the best interests of his child," and that Pearson's "beliefs and position are such that a shared parental rights and responsibilities arrangement is unworkable and clearly not in the child's best interests."

[¶8]  Because the court determined that a framework of shared parental rights and responsibilities is not in the best interest of the child, and because there was evidence that Pearson's behavior had changed substantially since the issuance of the previous order, the court was well within its discretion when it concluded that sole parental rights and responsibilities should be granted to Ellis-Gross.

[¶9]  Moreover, in addressing the issue of contact, the court found that Pearson's "volatile temper, his closed mindedness and his unreasonable 'rattling of cages' create a serious concern about the safety of the child in his care."  That finding is supported by testimony at the hearing, and it supports the court's determination that Ellis-Gross should be awarded primary residence and that Pearson's contact with the child be supervised.  *See* 19-A M.R.S. § 1653(3)(F), (H)-(J) (2014).  Pearson contends that the child has a very close relationship with him, his ex-wife (not Ellis-Gross), and his ex-wife's family, and that limiting the child's contact with them is not in the child's best interest.  The court was entitled, however, to weigh those considerations against Pearson's lack of cooperation in co-parenting, including his violent behavior at the school, and concerns about the child's health and safety when in his custody.  *See Jackson*, 2014 ME 110, ¶ 23, 100 A.3d 484 ("A trial court is afforded broad discretion to determine the custodial arrangements for a minor child, and the determination of the weight to be given to each factor is left to the sound discretion of the trial court after careful consideration." (citation omitted) (alteration omitted) (quotation marks omitted)).

[¶10]  The trial court therefore did not err when it implicitly found a substantial change in circumstances and expressly concluded that the best interest

of the child would be served by granting Ellis-Gross sole parental rights and responsibilities and requiring that Pearson's contact with the child be supervised.[2]

The entry is:

Judgment affirmed.

**On the briefs:**

Dean Pearson, appellant pro se

Christopher R. Largay, Esq., Largay Law Offices, P.A., Bangor, for appellee Stacie Ellis-Gross

Bangor District Court docket number FM-2003-602
FOR CLERK REFERENCE ONLY

---

[2] Pearson also argues that the court erred by not mailing notice of a January 2014 case management conference to the post office box address that he had provided to the court, resulting in his absence from the hearing. Because Pearson attended several hearings after that conference, and because the interim order that resulted from that hearing is no longer in effect, Pearson's claims regarding notice of the case management conference are moot. *See Stacey-Sotiriou v. Sotiriou*, 2014 ME 145, ¶ 17, 106 A.3d 417 (concluding that the appellant's argument regarding an interim order was moot where the court later issued a "ruling finalizing the original parental rights action and resolving the motion to modify").

Additionally, Pearson requests that we reduce his child support obligation and "drop child support arrears." Because the trial court order appealed from does not address child support, that issue is not properly before us and we do not address it. We also do not address Pearson's request that we reinstate his "right to claim his son on his taxes as a dependent" because he has not developed that argument in his brief. *See Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290.