MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:     2016 ME 170
Docket:       Yor-16-115
Submitted
 On Briefs:   September 29, 2016
Decided:      November 29, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

TAYLOR CLARK

v.

MORGAN A. LEEMAN

JABAR, J.

[¶1]  Taylor Clark appeals from the District Court's (York, *Janelle, J.*) judgment granting Morgan Leeman's motion to modify a parental rights and responsibilities order pertaining to their daughter, a minor child.  Because the District Court did not abuse its discretion in granting the modification, we affirm.

## I.  BACKGROUND

[¶2]  The court made the following findings, which are supported by the record.  On February 8, 2011, the District Court issued a parental rights and responsibilities judgment pertaining to Clark and Leeman's minor child.  The judgment allocated parental rights and responsibilities to the parties, granted

primary physical residence to Clark, and made specific provisions for Leeman's contact with the child.

[¶3] In the summer of 2014, Clark expressed his desire to relocate with the child from Massachusetts—where he resided at the time of the action—to Illinois. Because the parties would be living a considerable distance apart, they sought and obtained a modification of the order to reflect this change in circumstances. Clark, however, never took the child with him to Illinois. Instead, the child remained in Massachusetts, where she resided with her grandmother and attended the local elementary school. Clark never told Leeman that the child had not moved, and he purposefully misled her about the child's location. As a result of Clark's course of conduct, Leeman was unable to see the child for over five months.

[¶4] Upon learning that the child was living in Massachusetts, Leeman petitioned the court to modify the order. After a hearing, the court granted Leeman's motion and changed the child's primary residence from being with Clark to being with Leeman. In its order, the court concluded that Clark's actions "were clearly not in the best interests of [the child] and, in fact, were detrimental to her." Specifically, the court determined that Clark's dishonest acts "disrupted [the child's] relationship with [Leeman] and required her to be

a part of this subterfuge from her mother." Clark has timely appealed. *See* M.R. App. P. 2(b)(3).

## II. DISCUSSION

### A. Standard of Review

[¶5]   On appeal, Clark argues that the court erred in granting the modification, arguing that the change in her primary residence was not in the child's best interest.  We review the trial court's ultimate decision to modify a parental rights and responsibilities order for abuse of discretion or an error of law. *Pearson v. Ellis-Gross*, 2015 ME 118, ¶ 4, 123 A.3d 223.

### B. The Child's Best Interest

[¶6]  In determining whether a proposed modification is in a child's best interest, the trial court must analyze the evidence presented in light of the nineteen best interest factors enumerated in 19-A M.R.S. § 1653(3) (2015). However, when deciding if a modification is in the child's best interest, the court need not "robotically address[] every statutory factor."  *Nadeau v. Nadeau*, 2008 ME 147, ¶ 35, 957 A.2d 108.  Rather, we will uphold the trial court's conclusions regarding the child's best interest "so long as it is otherwise evident that the court has evaluated the evidence with the best interest factors in mind." *Id.*  Further, in the absence of a motion for additional findings of fact and

4

conclusions of law, it is well settled that we will "assume that there was competent evidence in the record, which the court considered, to support . . . the judgment." *Coppola v. Coppola*, 2007 ME 147, ¶ 25, 938 A.2d 786.

[¶7]  Here, it is evident from the court's order that it considered the relevant best interest factors in granting Leeman's motion to modify.  The court found that Clark engaged in an ongoing pattern of deceitful conduct for the purpose of preventing the mother from having contact with the child for a period of over five months.  Clark's dishonest behavior not only restricted Leeman's access to the child, but it also required the child to be a part of this "subterfuge."  Given these findings, the court did not abuse its discretion in concluding that a modification of the parental rights and responsibilities order was in the child's best interest.

[¶8]  Further, because Clark failed to request additional findings of fact and conclusions of law, we must assume that the court made all necessary findings to support the judgment.  *See id.*

The entry is:

Judgment affirmed.

**On the briefs:**

Matthew W. Howell, Esq., Clark & Howell, LLC, York, for appellant Taylor Clark

Kenneth P. Altshuler, Esq., Childs, Rundlett, Fifield & Altshuler, LLC, Portland, for appellee Morgan A. Leeman

York District Court docket number FM-2009-119
FOR CLERK REFERENCE ONLY