12/20/18

STATE OF MAINE
CUMBERLAND, ss.

MLR/SCH
132-19

UNIFIED CRIMINAL COURT
PORTLAND
Docket Nos. CR-18-20619
CR-18-06132
CR-18-20450

| STATE OF MAINE | ) | |
| | ) | ORDER ON COMMISSIONER'S |
| | ) | MOTION TO DISMISS |
| v. | ) | DEFENDANT'S MOTION |
| | ) | FOR CONTEMPT |
| | ) | |
| JOSEPH LLUVERA | ) | |
| | ) | |
| Defendant | ) | |

The court found Mr. Lluvera to be incompetent to stand trial on various criminal charges by Order ["IST Order"] dated November 9, 2018. The IST Order states in pertinent part that Defendant shall "be committed to the custody of the Commissioner of Health and Human Services for placement in an appropriate program for observation, care and treatment of people with mental illness or persons with intellectual disabilities or autism…. At the end of 30 days or sooner, and again in the event of recommitment, at the end of 60 days and 180 days, the State Forensic Service or other appropriate office of the Department of Health and Human Services shall forward a report to the Commissioner of Health and Human Services relative to the defendant's competence to stand trial and its reasons…."

Concerned that her client, Mr. Lluvera, still remained in the Cumberland County Jail for weeks following the IST Order, on November 28, 2018 Attorney Sarah Branch filed an Emergency Motion for Contempt and Other Proceedings against the Commissioner of Health and Human Service, alleging that the Commissioner "refuses to accept Defendant as a patient at its facilities" in violation of the IST Order. Attorney Branch filed an Amended Emergency Motion for Contempt on November 30, 2018 which included the notarization required by M.R. Civ. P. 66(d)(2)(A). The Commissioner filed an Answer

and Objection to and Motion to Dismiss Amended Motion for Contempt on December 10, 2018.

The court heard oral argument on the Commissioner's Motion to Dismiss on December 13, 2018.[1] Assistant Attorney General Molly Moynihan appeared and argued on behalf of the Commissioner. Assistant District Attorney Amanda Doherty appeared and argued, representing the State's interest in the underlying criminal proceedings. Attorney Sarah Branch appeared and argued on behalf of Defendant.

It is not disputed that Mr. Lluvera was admitted to the Riverview Psychiatric Center on December 4, 2018. Because Mr. Lluvera obtained a bed at Riverview as of December 4, 2018, the Commissioner contends that Mr. Lluvera has already obtained the remedy sought such that his contempt motion is moot and should be dismissed.

At hearing, while conceding that Mr. Lluvera has obtained the remedy sought, Attorney Branch urged the court to reach the merits of the contempt motion regardless of Mr. Lluvera's admission to Riverview. She asked the court to reach the merits pursuant to the "public interest" exception to the mootness doctrine. Citing the importance of the issues at stake and decrying the pervasive shortfall in much-needed psychiatric services in Maine, Attorney Branch insisted that the court has the authority under Rule 66 to enforce the court's IST Order. According to her argument, the court should allow Defendant's motion for contempt to go forward to send a message to the Commissioner that such delays in accepting court-ordered custody of mentally incompetent individuals are egregious and will not be tolerated.

---

[1] The court agreed with the Commissioner that a hearing on the merits of Defendant's Motion to Contempt and on the merits of the Commissioner's Motion to Quash Subpoena should be continued until after the court resolved the Motion to Dismiss.

Delay in the treatment of the mentally ill, especially those who have been brought into Maine's criminal justice system, is of great concern to the court. However, Rule 66 is limited in scope to remediation with respect to present failures or refusals to comply with court orders. Attorney Branch asserted at hearing that Defendant is seeking a "plenary proceeding for remedial sanctions" pursuant to M.R. Civ. P. 66(d). A "remedial sanction" is a sanction "imposed to coerce the termination of an ongoing contempt or to compensate a party aggrieved by contempt." *See* M.R. Civ. P. 66(a)(2)(C). The remedy sought by Mr. Lluvera – a bed at Riverview – has already been obtained. The "public interest" exception to the mootness doctrine authorizes an *appellate* court to reach an appeal; it does not extend to *trial* courts, which are charged with adjudicating a live controversy. *See, e.g., In re Faucher*, 558 A.2d 705, 706 (Me. 1989) ("courts should decline to decide issues which by virtue of valid and recognizable supervening circumstances have lost their controversial vitality. Such cases are moot"); *Young v. Young*, 2002 ME 167, ¶ 8 ("An issue that is technically moot may still be addressed **on appeal** if one of the three narrow, yet established, exceptions to the mootness doctrine applies: 1) sufficient collateral consequences will flow from a determination of the questions presented, 2) the question, although moot in the immediate context, is of great public interest and should be addressed for future guidance of the bar and public, or 3) the issue may be repeatedly presented to the trial court, yet escape review at the appellate level because of its fleeting or determinate nature.") (emphasis added). Thus, regardless of the significant public interest at stake, the court has no authority under Rule 66 to adjudicate Mr. Lluvera's Motion for Contempt, since that motion was rendered moot when Mr. Lluvera obtained a bed at Riverview on December 4, 2018.

Aside from the mootness issue, the court makes no ruling at this time on whether or not a motion for contempt is an appropriate vehicle for relief in cases such as this one.

However, Rule 66 expressly provides that in order to find an individual in contempt, the movant must show by clear and convincing evidence that the alleged contemnor both *failed to follow a court order* and that he or she failed to follow a court order *despite having had the ability to do so*. *See* M.R. Civ. P. 66(d)(2)(D) ("In order to make a finding of contempt, the court must find by clear and convincing evidence that: i) the alleged contemnor has failed or refused to perform an act required or continues to do an act prohibited by a court order, and ii) it is within the alleged contemnor's power to perform the act required or cease performance of the act prohibited"). *See also York Register of Probate v. York County Probate Court*, 2004 ME 58, ¶¶ 16-20 (reasoning in remanding for dismissal of contempt proceedings brought against County Commissioners that contempt may not be used to enforce administrative matters); 5 M.R.S. § 11001(2) ("Any person aggrieved by the failure or refusal of an agency to act shall be entitled to judicial review thereof in the Superior Court. The relief available in the Superior Court shall include an order requiring the agency to make a decision within a time certain").

It is accordingly hereby ORDERED that the Commissioner's Motion to Dismiss Amended Emergency Motion for Contempt is GRANTED. All other pending motions relating to this contempt proceeding are likewise dismissed as moot.

DATED: 20 Dec 18

Jed J. French
Unified Criminal Court Judge

4

DOB: 06/20/1974
Attorney: SARAH BRANCH                        State's Attorney: STEPHANIE ANDERSON
          FAIRFIELD & ASSOCIATES PA
          115 MIDDLE ST SUITE 300
          PORTLAND ME 04101
          APPOINTED 11/09/2018

Filing Document: CRIMINAL COMPLAINT           Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 11/09/2018

## Charge(s)

**1    AGGRAVATED ASSAULT**                        **11/07/2018 BRUNSWICK**
**Seq 13123 17-A  208(1)(A)**         **Class B**


**2    ASSAULT ON AN EMERGENCY MEDICAL CARE**      **11/07/2018 BRUNSWICK**
     **PROVIDER**
**Seq 7034  17-A  752-C(1)**          **Class C**


**3    VIOLATING CONDITION OF RELEASE**            **11/07/2018 BRUNSWICK**
**Seq 9632  15    1092(1)(A)**        **Class E**


## Docket Events:

11/09/2018 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 11/09/2018

11/09/2018 Charge(s): 1,2,3
          HEARING -  INITIAL APPEARANCE SCHEDULED FOR 11/09/2018 at 01:00 p.m. in Room No.  1

          NOTICE TO PARTIES/COUNSEL
11/09/2018 Charge(s): 1,2,3
          HEARING -  INITIAL APPEARANCE NOT HELD ON 11/09/2018
          PAUL A FRITZSCHE , JUSTICE
          Attorney: SARAH BRANCH
          DA:  EMILY COLLINS
          Defendant Not Present in Court

          FTR 7. DEFENDANT WAS FOUND INCOMPETENT TO STAND TRIAL. CASE TO BE SET ON 11-28 MENTAL
          HEALTH DOCKET
11/09/2018 Party(s):  JOSEPH M LLUVERA
          ATTORNEY -  APPOINTED ORDERED ON 11/09/2018

          Attorney:  SARAH BRANCH
11/09/2018 Charge(s): 1,2,3
          HEARING -  STATUS CONFERENCE SCHEDULED FOR 11/28/2018 at 01:00 p.m. in Room No.  11

11/09/2018 Charge(s): 1,2,3
         HEARING -  STATUS CONFERENCE NOTICE SENT ELECTRONICALLY ON 11/09/2018

11/09/2018 Charge(s): 1,2,3
         ORDER -  FINDING INCOMPTNCE STAND TRIAL ISSUED ON 11/09/2018
         PAUL A FRITZSCHE , JUSTICE
11/09/2018 Charge(s): 1,2,3
         ORDER -  FINDING INCOMPTNCE STAND TRIAL ENTERED ON 11/09/2018

11/29/2018 Charge(s): 1,2,3
         HEARING -  STATUS CONFERENCE HELD ON 11/28/2018
         NANCY  MILLS , JUSTICE
         Attorney:  SARAH BRANCH
         DA:  AMANDA DOHERTY
         SET EMERGENY MOTION FOR CONTEMPT FOR 1 HR HEARING WITH ANY JUDGE EXCEPT J MILLS. FTR 9
11/29/2018 Charge(s): 1,2,3
         HEARING -  CONTEMPT HEARING SCHEDULED FOR 11/30/2018 at 01:30 p.m.
         JOYCE A WHEELER , JUSTICE
         NOTICE TO PARTIES/COUNSEL
11/29/2018 Charge(s): 1,2,3
         HEARING -  CONTEMPT HEARING NOTICE SENT ON 11/29/2018

11/29/2018 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 11/28/2018

         EMERGENCY MOTION FOR CONTEMPT
12/05/2018 Charge(s): 1,2,3
         HEARING -  CONTEMPT HEARING SCHEDULED FOR 12/13/2018 at 02:00 p.m. in Room No.  11
         JED  FRENCH , JUDGE
         NOTICE TO PARTIES/COUNSEL
12/05/2018 Charge(s): 1,2,3
         HEARING -  CONTEMPT HEARING NOTICE SENT ELECTRONICALLY ON 12/05/2018

12/05/2018 Charge(s): 1,2,3
         HEARING -  CONTEMPT HEARING NOT HELD ON 12/05/2018

12/05/2018 HEARING -  CONFERENCE HELD ON 11/30/2018
         JOYCE A WHEELER , JUSTICE
         Attorney:  SARAH BRANCH
         DA:  AMANDA DOHERTY
          AAG MOLLY MOYNIHAN PRESENT ON BEHALF OF BETHANY HAMM OF DHHS. REQUEST FOR DISCOVERY FILED
         WITH AMENDED MOTION FOR CONTEMPT. SUBPOEANA MECIVIL RULES 66 CONTEMPT SERVED ON AAG MOLLY
         MOYNIHAN ON BEHALF OF BETHANY HAMM.
12/05/2018 SUBPOENA -  SUBPOENA TO PRODUCE EVIDENCE ISSUED ON 11/30/2018

         CIVIL RULES 66 FOR CONTEMPT
12/05/2018 SUBPOENA -  SUBPOENA TO PRODUCE EVIDENCE EXECUTED ON 11/30/2018

12/05/2018 SUBPOENA -  SUBPOENA TO PRODUCE EVIDENCE RETURNED ON 11/30/2018

12/05/2018 OTHER FILING -  OTHER DOCUMENT FILED ON 11/30/2018

         REQUEST FOR DISCOVERY
12/12/2018 MOTION -  OTHER MOTION FILED BY STATE ON 12/10/2018

TO STAY CONTEMPT HEARING PENDING DECISION ON MOTION TO DISMISS AND MOTION TO QUASH. FILED BY AAG. M. MOYNIHAN.

12/12/2018 OTHER FILING - OTHER DOCUMENT FILED ON 12/11/2018

AFFIDAVIT OF BETHANY HAMM WITH ORIGINAL SIGNATURE. FILED BY AAG M. MOYNIHAN.

12/12/2018 Charge(s): 1,2,3
HEARING - CONTEMPT HEARING CONTINUED ON 12/12/2018
JED FRENCH , JUDGE

12/12/2018 HEARING - MOTION TO QUASH SUBPOENA SCHEDULED FOR 12/13/2018 at 02:00 p.m.
JED FRENCH , JUDGE
NOTICE TO PARTIES/COUNSEL

12/12/2018 HEARING - MOTION TO DISMISS SCHEDULED FOR 12/13/2018 at 02:00 p.m.
JED FRENCH , JUDGE
NOTICE TO PARTIES/COUNSEL

12/12/2018 ORDER - COURT ORDER ENTERED ON 12/12/2018
JED FRENCH , JUDGE
ORDER ON STATE'S MOTION TO STAY CONTEMPT HEARING

12/12/2018 MOTION - OTHER MOTION FILED BY DEFENDANT ON 12/12/2018

Attorney: SARAH BRANCH
EMERGENCY MOTION TO RECONSIDER HEARING

12/12/2018 OTHER FILING - OTHER DOCUMENT FILED ON 12/12/2018

Attorney: SARAH BRANCH
DEFENDANT'S RESPONSE TO THE COMMISSIONER'S MOTIONS

12/12/2018 MOTION - OTHER MOTION DENIED ON 12/12/2018
JED FRENCH , JUDGE
EMERGENCY MOTION TO RECONSIDER HEARING

12/13/2018 OTHER FILING - OTHER DOCUMENT FILED ON 12/12/2018

DEFENDANT'S RESPONSE TO THE COMMISSIONERS MOTIONS.

12/13/2018 HEARING - MOTION TO DISMISS HELD ON 12/13/2018
JED FRENCH , JUDGE
Attorney: SARAH BRANCH
DA: AMANDA DOHERTY
Defendant Not Present in Court

AAG MOLLY MOYNIHAN ON BEHALF OF DHHS COMMISSIONER AND SUPERINTENDENT AT RIVER MAKES OPENING STATEMENTS. ADA DOHERTY AND ATTY. BRANCH. DEF. EXHIBIT 1 MARKED AND ADMITTED. DEF. REQUESTS TO CALL WITNESSES. AAG OBJECTS. ADA NO OBJECTION. COURT DENIES DEFENSE REQUEST AND REASONS CITED ON THE RECORD. ARGUMENTS MADE. AFTER HEARING MTN. TO DISMISS MTN. FOR CONTEMPT UNDER ADVISEMENT. FTR 11

12/14/2018 LETTER - FROM NON-PARTY FILED ON 12/03/2018

FROM STATE FORENSICS INFORMING PARTIES THE EXAM IS SCHEDULED FOR 12-13-18

12/17/2018 HEARING - MOTION TO QUASH SUBPOENA NOT HELD ON 12/13/2018

12/17/2018 CASE STATUS - CASE FILE LOCATION ON 12/13/2018

WITH JUDGE FRENCH MOTION UNDER ADVISEMENT

12/17/2018 LETTER - FROM NON-PARTY FILED ON 12/03/2018

LETTER FROM DHHS TO RIVERVIEW AUTHORIZING THE DEFENDANT TO BE ADMITTED ON 12-4-18 WITH ATTACHMENTS.

12/20/2018 MOTION - OTHER MOTION MOOT ON 12/20/2018

JED FRENCH , JUDGE

TO STAY CONTEMPT HEARING PENDING DECISION ON MOTION TO DISMISS AND MOTION TO QUASH. FILED BY AAG. M. MOYNIHAN.

12/20/2018 MOTION - MOTION TO DISMISS FILED BY STATE ON 12/10/2018

FILED BY AAG MOLLY MOYNIHAN. ANSWER AND OBJECTION TO AND MOTION TO DISMISS AMENDED MOTION FOR CONTEMPTS WITH INCORPORATED MEMO OF LAW. WITH ATTACHED AFFIDAVIT OF RODNEY BOUFFARD.

12/20/2018 MOTION - MOTION TO DISMISS GRANTED ON 12/20/2018

JED FRENCH , JUDGE

COPY TO PARTIES/COUNSEL

SEE ORDER

12/20/2018 OTHER FILING - OTHER DOCUMENT FILED ON 12/13/2018

DEFENDANT'S RESPONSE TO THE COMMISSIONER'S MOTION TO QUASH SUPOEANA AND FOR DISCOVERY.

12/20/2018 ORDER - COURT ORDER FILED ON 12/20/2018

JED FRENCH , JUDGE

ORDER ON COMMISSIONER'S MOTION TO DISMISS DEFENDANT'S MOTION FOR CONTEMPT. IT IS HEREBY ORDERED THAT THE COMMISIONER'S MOTION TO DISMISS AMENDED EMERGENCY MOTION FOR CONTEMPT IS GRANTED. ALL OTHER PENDING MOTIONS RELATING TO THIS CONTEMPT PROCEEDING ARE LIKEWISE DISMISSED AS MOOT.

12/20/2018 MOTION - OTHER MOTION MOOT ON 12/20/2018

JED FRENCH , JUDGE

EMERGENCY MOTION FOR CONTEMPT

A TRUE COPY

ATTEST: _____

Clerk